UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL J. DAHLSTROM,

        Petitioner,

v.
        Case Number 07-10580
        Honorable David M. Lawson

JAN E. TROMBLEY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS TO SUPPLEMENT, FOR APPOINTMENT OF COUNSEL, AND FOR ORDER COMPELLING DISCOVERY

This matter is before the Court on the petitioner's motions to supplement his habeas corpus petition, for appointment of counsel, and for disclosure or discovery. The respondent has not yet filed an answer to the habeas petition.

The petitioner first seeks to supplement his habeas pleadings with motions for appointment of counsel and discovery. The Court, however, has already accepted those motions for filing. The motion to supplement is therefore unnecessary.

The petitioner also requests the appointment of counsel. In support of his request, the petitioner states that he needs counsel to assist him with investigation and presentation of his petition, that his case involves complex issues, that he has limited legal knowledge and access to legal materials, and that he is financially unable to retain legal counsel. The petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment

of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The petitioner has submitted his petition and pleadings in support of his habeas claims. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court will deny this request without prejudice. The Court will reconsider the petitioner's motion if, following receipt of the answer and Rule 5 materials, the Court determines that appointment of counsel is necessary. The petitioner need not file another motion regarding this issue.

Lastly, the petitioner moves for disclosure or discovery requesting testing and/or results from the rape kit evidence in police custody. As a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). At this time, the petitioner has not made the requisite showing of "good cause" that the requested items are necessary to the disposition of his case. *Id.* at 908; 28 U.S.C. foll. § 2254, Rule 6(a). The petitioner has already filed his habeas petition and supporting materials, and the respondent has not yet filed an answer to the petition. If, after the answer to the petition is filed, it appears that there is good cause for discovery to be ordered, the Court will reconsider the petitioner's request. The petitioner need not file another motion concerning this issue.

Accordingly, it is **ORDERED** that the petitioner's motion to supplement his habeas petition [dkt # 6] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for appointment of counsel [dkt # 7] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the petitioner's motion for an order compelling discovery [dkt # 8] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 27, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2007.

s/Felicia M. Moses  
FELICIA M. MOSES